**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                         )
CHANNEL FISH PROCESSING CO., INC.  )
                                                         )
            Plaintiff,                         )        Civ. Action No. _____
                                                         )
     v.                                              )        **Demand for Jury Trial**
                                                         )
JOM, LLC                                       )
                                                         )
            Defendant.                      )
_____)

## COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff Channel Fish Processing Co., Inc. ("Channel Fish"), through its counsel, brings this Complaint to redress, among other things, Defendant JOM, LLC's ("JOMCO") knowing, willful, and intentional acts of trade dress infringement, false designation of origin, and unfair competition under the Lanham Act, and unfair and deceptive acts or practices under Mass. Gen. Laws Ch. 93A, as follows:

## INTRODUCTION

This is a commercial dispute between Channel Fish, a supplier of frozen and fresh seafood, and JOMCO, a "middleman" between Channel Fish and certain accounts. For several years, JOMCO has been buying frozen seafood from Channel Fish and reselling it to Market Basket supermarkets in Massachusetts and elsewhere. JOMCO abruptly, and without cause, terminated its relationship with Channel Fish and is now selling to Market Basket frozen seafood sourced from another supplier. Rather than develop its own packaging and establish its own brand identity, JOMCO simply stole Channel Fish's. In fact, JOMCO copied Channel Fish's packaging so slavishly that it even took, and continues to use on JOMCO packaging, Channel

12884985.1

Fish's proprietary and unique Universal Product Code ("UPC code") – guaranteeing that retailers and consumers will be confused and deceived by JOMCO's bait and switch.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) because Channel Fish's federal claim for trade dress infringement, false designation of origin, and unfair competition arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*  This Court has jurisdiction over Channel Fish's related state law claim for unfair and deceptive acts or practices arising under Mass. Gen. Laws ch. 93A, §§ 1-11 pursuant to 28 U.S.C. §§ 1338(b) and 1367.

2. Upon information and belief, this Court has personal jurisdiction over JOMCO because JOMCO routinely conducts, solicits, and/or transacts business within this judicial district and elsewhere in the Commonwealth of Massachusetts, derives substantial revenue from the sale, distribution, and/or manufacture of products within this judicial district and elsewhere in the Commonwealth of Massachusetts, and/or has otherwise made or established constitutionally sufficient contracts in the Commonwealth of Massachusetts to permit this Court's exercise of personal jurisdiction.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts complained of herein occurred in this judicial district and each party is subject to personal jurisdiction in this judicial district.

## THE PARTIES

4. Channel Fish is a Massachusetts Corporation with a principal place of business located at 18 Foodmart Road, Boston, Massachusetts  02118.

5.     Upon information and belief, JOMCO is a Massachusetts Corporation with a principal place of business located at 184 Rutledge Road, Belmont, Massachusetts  02478.  Upon information and belief, JOMCO does or solicits business, or engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Massachusetts.

**FACTUAL BACKGROUND**

6.     For over 60 years, Channel Fish has provided high quality fresh and frozen seafood to distributors and retailers throughout New England and the United States, including distributors and retailers located in Massachusetts.

7.     Since as early as August 2005, Channel Fish has packaged its frozen seafood, including Tilapia, Flounder, Haddock, Salmon, Cod, Pollock, Mahi Mahi, Swordfish, Perch, Seafood Mix, Bay Scallops, and Sea Scallops, for distribution and sale to Market Basket supermarkets, located in Massachusetts and New Hampshire (the "Channel Fish Packaging"), in original and proprietary packaging.  Examples of the Channel Fish Packaging are attached hereto as Exhibit 1.

8.     Channel Fish is the owner of all right, title, and interest in and to the Channel Fish Packaging, including without limitation all copyrights and trade dress rights in the Channel Fish Packaging.

9.     Channel Fish spent substantial time and resources developing packaging for its frozen seafood that would be readily distinguishable from other packaging used by competitors in the frozen seafood industry.  As a result, the trade dress for the Channel Fish Packaging is a highly distinctive and serves as a source identifier of Channel Fish's frozen seafood.

10. Each and every example of the Channel Fish Packaging is an original work of authorship and comprises copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. § 101, *et seq*. Channel Fish has complied in all respects with the United States laws governing copyright and has secured the exclusive rights and privileges in, to and under the copyrights in the Channel Fish Packaging.

11. Channel Fish has filed applications with the United States Copyright Office for registration of the Channel Fish Packaging for Tilapia, Flounder, Haddock, Salmon, Cod, Pollock, Bay Scallops, and Sea Scallops.

12. The back of each Channel Fish Packaging also contains a Universal Product Code ("UPC code"), a 12-digit code (and corresponding readable bar code) issued and registered to Channel Fish, which is used to uniquely identify Channel Fish and its products. Channel Fish's unique company prefix is 0610379. *See* Exhibit 2 (GS1 Company Prefix Certificate issued to Channel Fish). As the GS1 certificate provides, "Only one company may use the Prefixes. Any other use of the Prefixes is prohibited. . . ."

13. Channel Fish affixes its proprietary UPC code to its Channel Fish Packaging. For example, Channel Fish's UPC code for its Tilapia product is 610379 719016. *See* Exhibit 1.

14. Since as early as August 2005, Channel Fish has continuously used each of the design elements of its trade dress for the Channel Fish Packaging and its proprietary UPC code on the Channel Fish Packaging to identify the source of its products. Channel Fish's unique UPC codes are strong and distinctive and have been used extensively and exclusively by Channel Fish to signify, among other things, Channel Fish as the source of its high quality frozen seafood.

15. The various colors, shapes, images, fonts, typefaces, layout, and other design elements used by Channel Fish in its trade dress for the Channel Fish Packaging are inherently distinctive and/or have acquired secondary meaning, and do not serve any functional purpose.

16. For over 4 years, Channel Fish has sold its frozen seafood packaged in its proprietary Channel Fish Packaging containing Channel Fish's proprietary and unique UPC codes to JOMCO, a middleman, for distribution to Market Basket supermarkets located in Massachusetts and New Hampshire.

17. In January 2010, JOMCO notified Channel Fish that it would no longer purchase Channel Fish frozen seafood for resale to Market Basket. Upon information and belief, JOMCO's notice was timed to maximize the negative impact on Channel Fish, as early spring is the "high season" for frozen seafood products in the New England market. Indeed, upon information and belief, JOMCO timed its notice with the intent of leaving Channel Fish with a huge amount of unsold frozen seafood inventory in packaging bearing the "Market Basket" name/mark, including an inventory of certain species of fish that Channel Fish only sells under the "Market Basket" label.

18. Upon information and belief, in late 2009, JOMCO began supplying, advertising, and selling frozen seafood to Market Basket grocery stores located in Massachusetts and New Hampshire sourced from another supplier (i.e., not Channel Fish) in packaging that is virtually identical to the Channel Fish Packaging and which contains Channel Fish's proprietary and unique UPC codes. Examples of JOMCO's knockoff packaging containing Channel Fish's UPC codes are attached hereto as Exhibit 3.

19. JOMCO's frozen seafood packaging containing Channel Fish's proprietary and unique UPC codes is not manufactured or distributed by Channel Fish, and Channel Fish has not

5

authorized JOMCO to copy, reproduce, publicly distribute, publicly display, or otherwise use Channel Fish's proprietary Channel Fish Packaging, or to create derivative works from the Channel Fish Packaging, or to manufacture, advertise, promote, market, offer for sale, or sell (in whole or in part) frozen seafood in packaging that is virtually identical to the Channel Fish Packaging and which contains Channel Fish's proprietary and unique UPC codes.

20. As a middleman for Channel Fish's frozen seafood packaged in its proprietary Channel Fish Packaging for over 4 years, JOMCO has had access to, and the ability to copy, reproduce, publicly distribute, publicly display, or otherwise use, the Channel Fish Packaging, and to create derivative works from the Channel Fish Packaging.

21. Upon information and belief, JOMCO has willfully and intentionally copied, reproduced, publicly distributed, publicly displayed, or otherwise used Channel Fish's proprietary Channel Fish packaging, and/or created derivative works from the Channel Fish Packaging, which packaging contains Channel Fish's proprietary and unique UPC codes and which JOMCO has manufactured, advertised, promoted, marketed, offered for sale, and/or sold containing frozen seafood that was not supplied by Channel Fish, thereby causing immediate, substantial, and irreparable harm to Channel Fish.

22. Channel Fish has extensively and continuously used its proprietary Channel Fish Packaging containing its proprietary and unique UPC codes in commerce, and long before JOMCO began copying, reproducing, publicly distributing, publicly displaying, or otherwise using Channel Fish's proprietary Channel Fish Packaging, and/or creating derivative works from the Channel Fish Packaging, which packaging contains Channel Fish's proprietary and unique UPC codes and which JOMCO has manufactured, advertised, promoted, marketed, offered for sale, and/or sold containing frozen seafood that was not supplied or authorized by Channel Fish.

23.     By promoting, advertising, and selling frozen seafood in packaging that is virtually identical to Channel Fish's proprietary Channel Fish Packaging and which contains Channel Fish's proprietary and unique UPC codes, JOMCO is attempting to pass off its frozen seafood as Channel Fish's frozen seafood.

24.     JOMCO's unauthorized use of Channel Fish's proprietary and unique UPC codes on the back of its packaging, which packaging is virtually identical to Channel Fish's proprietary Channel Fish Packaging, is likely to deceive, confuse, and mislead prospective and actual purchasers and retailers into believing that the frozen seafood sold by JOMCO is manufactured, authorized, sponsored, or endorsed by, or in some other manner associated with Channel Fish. The likely confusion, mistake, and/or deception engendered by JOMCO's misappropriation of Channel Fish's proprietary and unique UPC codes is causing immediate, substantial, and irreparable harm to the goodwill symbolized by such UPC codes and Channel Fish's reputation for selling high quality frozen seafood.

25.     Upon information and belief, JOMCO copied, reproduced, publicly distributed, publicly displayed, or otherwise used Channel Fish's proprietary Channel Fish Packaging, and/or created derivative works from the Channel Fish Packaging, which packaging contains Channel Fish's proprietary and unique UPC codes and which JOMCO has manufactured, advertised, promoted, marketed, offered for sale, and/or sold containing frozen seafood that was not supplied by Channel Fish, so that JOMCO did not have to create, design, or develop its own packaging, thereby unfairly trading upon the time, resources, and investment made by Channel Fish, and so that JOMCO could mislead and deceive consumers by making a seamless transition between the frozen fish supplied by Channel Fish and the frozen fish supplied by JOMCO's substitute supplier.

26. On information and belief, JOMCO has knowingly, willfully, and intentionally adopted and used, and continues to adopt and use, Channel Fish's proprietary and unique UPC codes on the back of JOMCO's packaging, which packaging is virtually identical to Channel Fish's proprietary Channel Fish Packaging, with the intent to confuse, mislead, and deceive the public and retailers and unfairly trade on the substantial and valuable goodwill associated with Channel Fish's UPC codes, without Channel Fish's authorization or consent.

27. Upon information and belief, JOMCO has acted with full knowledge of Channel Fish's prior ownership and use of Channel Fish's proprietary and unique UPC codes.

## FIRST CLAIM FOR RELIEF
### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

28. Channel Fish repeats and incorporates by reference the allegations in paragraphs 1 through 27 above as though fully set forth herein.

29. Channel Fish has used its trade dress for the Channel Fish Packaging in interstate commerce in connection with the sale and offering for sale of its frozen seafood.

30. Channel Fish's trade dress is inherently distinctive and/or has acquired secondary meaning.

31. Channel Fish's protectable trade dress is not functional.

32. JOMCO's use in interstate commerce of packaging for frozen seafood that is virtually identical to Channel Fish's proprietary Channel Fish Packaging trade dress has caused, and will continue to cause, likely confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of JOMCO's goods, services, or commercial activities by Channel Fish.

33. JOMCO's actions constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and these actions have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and public deception in the

marketplace, and injury to the public and to Channel Fish's goodwill and reputation as symbolized by its Channel Fish Packaging trade dress, for which Channel Fish has no adequate remedy at law.

34.     JOMCO's actions demonstrate a knowing, willful, and intentional intent to infringe and trade on the goodwill associated with the Channel Fish Packaging trade dress, thereby causing immediate, substantial, and irreparable injury to Channel Fish.

35.     JOMCO has caused, and is likely to continue causing, substantial injury to the public and to Channel Fish, and Channel Fish is entitled to preliminary and permanent injunctive relief and to recover JOMCO's profits, actual damages, enhanced profits and damages, reasonable attorneys' fees and costs, treble damages, and an order for destruction pursuant to 15 U.S.C. §§ 1116, 1117, 1118 and 1125.

## SECOND CLAIM FOR RELIEF
**(Federal False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))**

36.     Channel Fish repeats and incorporates by reference the allegations contained in paragraphs 1 through 35 above as though fully set forth herein.

37.     Channel Fish has used its proprietary and unique UPC codes on its proprietary Channel Fish Packaging in interstate commerce in connection with the sale and offering for sale of its frozen seafood.

38.     JOMCO's use in interstate commerce of Channel Fish's proprietary and unique UPC codes on JOMCO's packaging for frozen seafood, which packaging is virtually identical to Channel Fish's proprietary Channel Fish Packaging, has caused, and will continue to cause, likely confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of JOMCO's goods, services, or commercial activities by Channel Fish.

39. JOMCO's actions constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and these actions have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and public deception in the marketplace, and injury to the public and to Channel Fish's goodwill and reputation as symbolized by its proprietary and unique UPC codes, for which Channel Fish has no adequate remedy at law.

40. JOMCO's actions demonstrate a knowing and willful intent to infringe and trade on the goodwill associated with Channel Fish's proprietary and unique UPC codes, thereby causing immediate, substantial, and irreparable injury to Channel Fish.

41. JOMCO has caused, and is likely to continue causing, substantial injury to the public and to Channel Fish, and Channel Fish is entitled to preliminary and permanent injunctive relief and to recover JOMCO's profits, actual damages, enhanced profits and damages, reasonable attorneys' fees and costs, treble damages, and an order for destruction pursuant to 15 U.S.C. §§ 1116, 1117, 1118 and 1125.

### THIRD CLAIM FOR RELIEF
(Unfair and Deceptive Acts or Practices – Mass. Gen. Laws Ch. 93A)

42. Channel Fish repeats and incorporates by reference the allegations in paragraphs 1 through 41 above as though fully set forth herein.

43. By stealing Channel Fish's packaging, UPC codes, and brand identity, JOMCO was relieved of the burden and expense of developing its own packaging and brand identity, and through its deception and bait and switch tactics, has attempted to facilitate a seamless transition between the frozen fish supplied by Channel Fish and the frozen fish supplied by JOMCO's substitute supplier.

44. JOMCO has been passing off, and continues to pass off, JOMCO's frozen seafood in packaging virtually identical to Channel Fish's proprietary Channel Fish Packaging and which contains Channel Fish's proprietary and unique UPC codes, thereby causing a likelihood of confusion, deception, or misunderstanding as to the source, sponsorship, or approval of, and/or affiliation, connection, or association with, JOMCO's frozen seafood, and/or otherwise injuring the public and Channel Fish.

45. JOMCO's acts complained of herein has occurred substantially and primarily in the Commonwealth of Massachusetts.

46. JOMCO's conduct constitute unfair and deceptive acts or practices in the course of business, trade, or commerce in violation of Massachusetts Unfair Business Practices Act, Mass. Gen. Laws ch. 93A, §§ 2 and 11.

47. JOMCO's unauthorized use of Channel Fish's proprietary Channel Fish Packaging and Channel Fish's proprietary and unique UPC codes has caused, and is likely to cause, substantial injury to the public and to Channel Fish, and Channel Fish is entitled to injunctive relief and to recover damages, punitive case, costs, and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Channel Fish pray that:

(1) The Court enter a judgment that JOMCO has engaged in trade dress infringement pursuant to the Lanham Act, 15 U.S.C. § 1125(a);

(2) The Court enter a judgment that JOMCO has engaged in false designation of origin and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125(a);

(3) The Court enter a judgment that JOMCO has engaged in unfair and deceptive acts or practices, in violation of Mass. Gen. Laws ch. 93A;

(4) JOMCO and each of its agents, officers, employees, representatives, successors, assign, attorneys, and all other person acting for, or on behalf of, JOMCO, or in

11

    concert or participation with JOMCO, be preliminarily and permanently enjoined from:

    (a) Using Channel Fish's proprietary and distinctive trade dress for its Channel Fish Packaging on or in connection with JOMCO's goods or services;

    (b) Using Channel Fish's proprietary and unique UPC codes on or in connection with JOMCO's goods or services;

    (c) Using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind or in connection with JOMCO's goods or services that is likely to cause confusion, or to cause mistake, or to deceive, or public misunderstanding that such goods or services are produced or provided by Channel Fish, or are sponsored or authorized by Channel Fish, or are in any way connected or related to Channel Fish;

    (d) Engaging any conduct that constitutes unfair or deceptive acts or practices, in violation of Mass. Gen. Laws Ch. 93A;

(5) JOMCO be ordered to recall and destroy all products bearing Channel Fish's trade dress and unique UPC codes or any confusingly similar variations, which may have been manufactured, distributed, supplied, or otherwise used by JOMCO or under JOMCO's authority, to any customer, including without limitation, to any wholesaler, distributor, retailer, cosignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against JOMCO;

(6) JOMCO be ordered to deliver up for impoundment and for destruction all signs, packages, receptacles, advertising, sample books, circulars, promotional materials, catalogs, Internet websites, or other material in the possession, custody, or control of JOMCO that are found to adopt or constitute trade dress infringement or false designation of origin or that otherwise unfairly compete with Channel Fish and its products;

(7) JOMCO be ordered to account to Channel Fish for any and all profits derived by JOMCO from the sale, manufacture, or distribution of infringing products as described herein;

(8) Channel Fish be awarded all damages caused by the acts forming the basis of this Complaint, including without limitation JOMCO's profits and Channel Fish's actual damages;

(9) Based on JOMCO's knowing and intentional use of Channel Fish's trade dress and unique UPC codes and through its knowing and intentional unfair and deceptive acts or practices, the damages award be trebled and the award of

        JOMCO's profits be enhanced as produced for by 15 U.S.C. § 1117(a) and Mass. Gen. Laws ch. 93A, § 11;

(10)    JOMCO be required to pay to Channel Fish the costs of this action and Channel Fish's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and Mass. Gen. Laws ch. 93A § 11;

(11)    Grant all such other and further relief to Channel Fish as the Court may need just and appropriate.

## JURY TRIAL DEMAND

Channel Fish respectively demands a trial by jury on all claims and issues so triable.

Dated:  February 16, 2010

Respectfully submitted,

CHANNEL FISH PROCESSING CO., INC.

By its attorneys,

 /s/ Jason C. Kravitz
Jason C. Kravitz (BBO # 565904)
Gina M. McCreadie (BBO # 661107)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
Tel:  (617) 345-1000
Fax:  (617) 345-1300
jkravitz@nixonpeabody.com
gmccreadie@nixonpeabody.com